104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Joseph R. SCHNEIDER, also known as "Jay", Defendant-Appellant.
 No. 96-1048.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 D.Vt.
 AFFIRMED.
 Bradley S. Stetler, Stetler & Allen, Burlington, VT.
 James J. Gelber, Assistant United States Attorney for the District of Vermont, Burlington, VT.
 Present: FEINBERG, MINER, PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the District of Vermont, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Defendant-appellant Joseph R. Schneider appeals from an order of the United States District Court for the District of Vermont (Billings, J.) denying his motion to dismiss an indictment against him on grounds of double jeopardy.
 
 
 1
 Between 1987 and November of 1990, Schneider conspired to distribute large quantities of marijuana to co-conspirators Ronald Lovell and William Doyle. In November of 1990, Doyle and Lovell were arrested in Vermont, and over 72 pounds of marijuana were seized from them. Following an investigation, Schneider was indicted on September 15, 1993 for conspiracy to possess marijuana with intent to distribute and to distribute marijuana, aiding and abetting the distribution of marijuana, and aiding and abetting the possession of marijuana with intent to distribute.
 
 
 2
 On April 29, 1994, the government filed two forfeiture complaints against properties owned by Schneider in Arizona. The complaints sought forfeiture of the properties on the ground that they constituted the proceeds of drug sales and thus were forfeitable to the government, pursuant to 21 U.S.C. § 881(a)(6). On June 30, 1994, pursuant to a plea agreement, Schneider pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).
 
 
 3
 Thereafter, Schneider and the government agreed that Schneider would pay $35,000 to the government in return for the release of his properties. In January of 1995, the parties signed a Stipulation and Settlement Agreement ("Stipulation"). Paragraph 11 of the Stipulation provided as follows:
 
 
 4
 This Agreement and the civil forfeiture of the Substitute Property shall have no effect on the criminal proceeding pending in this Court (United States v. Joseph R. Schneider a/k/a "Jay", Criminal No. 93-52-01) including the judgment of conviction and the sentence to be imposed. Schneider specifically agrees that this forfeiture will not give rise to any claim on his past [sic] that he has been subjected to double jeopardy.
 
 
 5
 On February 1, 1995, pursuant to the Stipulation, the government accepted a $35,000 certified check from Schneider in exchange for the release of the properties.
 
 
 6
 On November 9, 1995, Schneider, while awaiting sentencing, moved in the district court to dismiss the indictment against him, claiming that it violated his double jeopardy rights. By an order dated January 9, 1996, the district court denied the motion. The district court found that Schneider waived his right to assert a double jeopardy defense by signing the Stipulation. The court also determined that, in any event, jeopardy first had attached in Schneider's criminal proceeding on June 30, 1994, when he pleaded guilty. The district court concluded that, as a result, "it is the [civil] forfeiture rather than the indictment which may be dismissed on double jeopardy grounds." This appeal followed.
 
 
 7
 On appeal, Schneider contends that the district court erred in finding that his double jeopardy rights were not violated. He argues that the Double Jeopardy Clause barred his criminal prosecution because he already had been punished by the civil forfeiture of $35,000 to the government. Because we agree with the district court that Schneider waived his right to assert a double jeopardy defense, we reject this contention.
 
 
 8
 "A waiver of a constitutional right must be voluntary, knowing and intelligent, that is, the act of waiver must be shown to have been done with awareness of its consequences." United States v. Morgan, 51 F.3d 1105, 1110 (2d Cir.), cert. denied, 116 S.Ct. 171 (1995). "In examining a purported waiver of the double jeopardy right, we must draw all reasonable presumptions against the loss of such a right." Id. In Morgan, this Court found that a defendant had not waived his right to assert a double jeopardy defense because "[t]he purported waiver in [the defendant's] stipulation did not explicitly recognize the renouncement of a double jeopardy defense against future criminal proceedings." Id. We concluded that, "[b]ecause the settlement did not contain language expressly stating that [the defendant] would be barred from asserting this defense in future criminal proceedings, it could not operate as an effective waiver of [the defendant's] constitutional right." Id.
 
 
 9
 In the present case, the Stipulation signed by Schneider provided as follows: "Schneider specifically agrees that this forfeiture will not give rise to any claim on his past [sic] that he has been subjected to double jeopardy." Even "draw[ing] all reasonable presumptions against the loss" of Schneider's right to assert a double jeopardy defense, id., we reject his claim that his waiver was neither knowing nor voluntary. The Stipulation explicitly renounced his right to assert a double jeopardy defense. Because the Stipulation "contain[ed] language expressly stating that [Schneider] would be barred from asserting [a double jeopardy] defense," the Stipulation "operate[d] as an effective waiver of [his] constitutional right." Id. Accordingly, Schneider waived his right to assert a double jeopardy defense.
 
 
 10
 In any event, under the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135 (1996), civil forfeitures pursuant to 21 U.S.C. § 881(a)(6) do not constitute punishment for purposes of the Double Jeopardy Clause. The district court's assumption that civil forfeitures constituted punishment for purposes of double jeopardy therefore is erroneous. However, it is not necessary for us to credit this assumption in order to affirm.